## Wing *v.* Roswald.

*Creditor's Bill in ·Equity to set aside Fraudulent Conveyance.*

1. *Wife's earnings.*—The earnings of the wife belong to the husband, but he may repudiate his right to them, and allow the wife to retain them as her own; and when he does so, not being in debt, his subsequent creditors can not reach and subject them to the satisfaction of their debts.

2. *Rents and profits of wife's statutory estate.*—If the husband receives the rents and profits of lands belonging to his wife's statutory estate, and uses or converts them to his own use, he is under no obligation to account to the wife for them, and a re-payment to her would be fraudulent and void as against his existing creditors; but he may refuse to receive such rents and profits, and may allow the wife to invest them in property in her own name; whereby they would become a part of the *corpus* of her statutory estate, and the property could not be subjected to the husband's debts.

APPEAL from the City Court of Montgomery, in Equity.

Heard before the Hon. THOS. M. ARRINGTON.

The bill in this case was filed on the 29th September, 1881, by Mrs. A. Roswald, suing as a judgment creditor of J. R. Wing, against the said Wing and his wife, together with J. J. Forniss and his wife; and sought to subject to the satisfaction of the complainant's said judgment a house and lot in the city of Montgomery, known as "No. 26 Market street," which the said Forniss and wife had conveyed to Mrs. Wing, taking a mortgage to secure the balance ($500) of purchase-money unpaid. The complainant was a married woman, whose disabilities arising from coverture had been removed by a decree of the Chancery Court, and she was engaged in carrying on a store in Montgomery in her own name. Her judgment against Wing, which was for $603.50, was rendered on the 12th October, 1880, and was founded on an account for goods sold and delivered; and an execution on said judgment was duly issued, and returned "No property found," before the bill was filed. The sale and conveyance of the house and lot by Forniss and

[Wing v. Roswald.]

wife to Mrs. Wing was made on the 16th March, 1881, at the agreed price of $3,500, of which sum $3.000 was paid in cash, and a mortgage taken to secure the payment of the residue. The bill alleged that the said purchase-money was really paid by said J. R. Wing, and the title taken in the name of his wife, "for the purpose and with the intent to hinder, delay and defraud complainant, as his judgment creditor, in the collection of her said judgment." The prayer of the bill was, that the deed to Mrs. Wing be declared fraudulent, and that the property be subjected to the satisfaction of the complainant's judgment; and the general prayer, for other and further relief, was added.

Separate answers were filed by Wing and wife, but not under oath (the complainant having waived answers under oath), denying the charges of fraud, and alleging that the money paid for the house and lot belonged to the statutory estate of Mrs. Wing; and in their depositions, taken in their own behalf, they stated particularly the several sources from which the money was derived by Mrs. Wing, before and since her marriage with said J. R. Wing in 1869.

On the final hearing, on pleadings and proof, the chancellor rendered a decree for the complainant, holding that "the evidence fails to satisfy the court that the property described in the bill was purchased and paid for with money belonging to the separate estate of Mrs. Wing." The defendants appeal from this decree, and here assign it as error

CLOPTON, HERBERT & CHAMBERS, and J. GINDRAT WINTER, for appellant, submitted a printed argument, in which they analyzed and discussed the evidence, and contended that it fully explained and accounted for the entire purchase-money as belonging to the statutory estate of Mrs. Wing. As bearing on the legal questions involved, they cited *Harrell v. Mitchell*, 61 Ala. 270–81; *Kirksey v. Snedecor*, 60 Ala. 192; *Jenkins v. Lockard*, 66 Ala. 377; *Lockard v. Nash*, 64 Ala. 385; *Houston v. Blackman*, 66 Ala. 559; *Smith v. Cockrell*, 66 Ala. 64; *Wright v. Smith*, 66 Ala. 514; *Copeland v. Kehoe*, 57 Ala. 246; *Coleman v. Smith*, 55 Ala. 369; *Northington v. Faber*, 52 Ala. 45.

WATTS & SONS, *contra*.—If the husband paid or furnished the purchase-money, while the title was taken in the name of the wife, the transaction is regarded as a gift or advancement by him, and the property is subject to his debts.—*Pickett v. Pipkin*, 64 Ala. 326; *Seitz v. Mitchell*, 4 Otto, 580. The burden of proof was on Mrs. Wing, to show that the money paid belonged to her; and in order to do this satisfactorily, she

[Wing v. Roswald.]

was required to explain with certainty and particularity the sources from which she derived it, the times at which it accrued, &c.—*Reeves v. McGintry*, 10 Ala. 138; *Simerson v. Br. Bank*, 12 Ala. 205; *Sims v. Gaines*, 64 Ala. 392; *Pickett v. Pipkin*, 64 Ala. 520; *Harrell v. Mitchell*, 61 Ala. 278; *Horn v. Wyatt*, 60 Ala. 297; *Potter & Son v. Gracie*, 58 Ala. 303; *McAnally v. O'Neal*, 56 Ala. 299; *Hubbard v. Allen*, 59 Ala. 288; 4 Otto, 580. The defendants' evidence falls far short of satisfying this rule, and the material discrepancies between different parts, as well as the improbability of some of the statements, leave the facts at least doubtful and uncertain. To justify a reversal of the chancellor's decision, there must be a decided preponderance of evidence against its correctness. *Rather v. Young*, 56 Ala. 94; *Bryan v. Hendrix*, 57 Ala. 387; *Donegan v. Davis*, 66 Ala. 371.

SOMERVILLE, J.—A very careful examination of the testimony in this cause leads us to the conviction, that the decree of the City Court should be reversed, in its finding on the facts. The sole question presented for decision is, whether the property sought to be subjected to the payment of appellee's judgment belonged to J. R. Wing, or to his wife Theresa. The title having been taken in the name of the wife, the question is determined by the ownership of the money— being the sum of three thousand dollars—shown to have been paid for it. Was this the money of the wife, or of the husband, according to the preponderance of the evidence appearing in the record? We are of opinion, that the evidence shows very clearly that it belonged to Mrs. Wing, as a part of her statutory separate estate. She is shown to have had, at the time of her marriage, in 1869, the sum of eight hundred and fifty dollars. During the two years following, she earned the sum of four hundred dollars in the millinery business, to which she is proved to have industriously devoted herself. The husband, being then free from debt, allowed her to retain these earnings, which, together with her other moneys, were invested by her in real estate, the rents and profits of which were collected by or for her, never having been claimed by the husband, nor appropriated by him to his own use. There is nothing in any of these proceedings vulnerable to the assault of a subsequent creditor, without some supplementary proof of an intention to defraud, which we fail to find in the record. Her earnings, it is true, belonged to her husband; but he had the legal right to repudiate his claim to them, and allow her to retain them as her own property, there being no existing creditor liable to be prejudiced by the act. So, he could allow the rents of her property to be invested in her name, and for

her use ; and they would thus become a part of the accumulated *corpus* of her separate estate, although, if he had once converted them to his own use, he would be under no obligation to account to the wife for them, and a repayment of them would be fraudulent and void as to existing creditors.—*Early & Lane v. Owens*, 68 Ala. 171 ; *Lee v. Tannenbaum*, 62 Ala. 501. The accumulation of the wife's property, as thus acquired, under what is shown to have been a frugal management, accompanied by judicious investments, and the receipt of five hundred dollars given her by the husband's mother, for the purpose of aiding her in purchasing a home, are facts fully sustained by the evidence ; and they satisfactorily account for the possession by Mrs. Wing of the three thousand dollars in question.

It is true that we find some contradictions in the details of the appellee's evidence, as to dates, and perhaps amounts; but the essential and salient facts of the case are not shaken to such an extent as to authorize us to stamp them as a sheer fabrication, having their origin in the wicked motive of perjury on the part of the husband, the wife, and the wife's father, the witness Bailey. We place very little stress upon the failure of Wing to report the money of his wife for taxation as hoarded money. The existence of the money is undeniable. It is only a question of ownership, and, in this view, we are met by the equally repugnant fact, that he also neglected to report the money as his own to be assessed for taxation. Such criminal derelictions of duty are not so infrequent as to require courts to tax their ingenuity in finding some peculiar solution of such conduct as being remarkable or extraordinary.

The decree is reversed, and a judgment will be entered in this court dismissing the appellee's bill at her cost.