# Bangs, Bard & Co. v. Edwards.

*Creditors' Bill in Equity to set aside Conveyance as Fraudulent.*

1. *Conveyance to wife; validity as against husband's creditors; burden of proof as to consideration.*—A conveyance executed to the wife by a third person, at the instance of the husband, who also paid the purchase-money, equally with a conveyance from the husband to the wife directly, offends the rights of his creditors; and in a contest with his existing creditors, the *onus* is on the wife to prove that the purchase-money was paid with her separate funds.

2. *Presumption as to common law elsewhere.*—In the absence of proof to the contrary, the common law is presumed to prevail in Georgia.

3. *Wife's earnings, at common law.*—At common law, the earnings of the wife belonged to the husband, and he could not give them to her, nor invest them for her benefit, to the prejudice of his existing creditors; but he might renounce his marital rights, and assent to her retaining them as her own, thus constituting a gift, which would be upheld as against his subsequent creditors, unless assailed for actual fraud.

4. *Presumption from failure to examine witnesses.*—When the defendant, in her answer to a bill impeaching a conveyance on the ground of

[Bangs, Bard & Co. v. Edwards.]

fraud, states the names of the persons with whom her money, alleged to have been used in making the purchase, was deposited, or to whom it was loaned, and no impeaching or contradictory evidence is adduced by the complainants, her failure to examine those persons as witnesses raises no presumption to her prejudice.

5. *Case at bar.*—In this case, a conveyance of land by a third person, to the wife of an insolvent debtor, was sustained against an attack by his subsequent creditors, on evidence showing that he had allowed her to retain and invest her own earnings; that she had for some time kept her money on deposit, and then withdrawn and lent it to her husband, until she could purchase a house and lot, or a tract of land; and that on making a purchase of land from the merchants with whom her moneys had been deposited, they accepted payment of the purchase-money from the husband, also a merchant, in goods.

APPEAL from the Chancery Court of Chambers.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on the 25th May, 1888, by Bangs, Bard & Co., a partnership, as creditors of Geo. W. Edwards, against the said Edwards and his wife, Mrs. Sallie E. Edwards; and sought to set aside, on the ground of fraud, a conveyance of a tract of land to Mrs. Edwards, and to subject the property to the payment of the complainants' debt. The conveyance to Mrs. Edwards, a copy of which was made an exhibit to the bill, was executed by the individual partners composing the firm of Atkinson, Reed & Co., merchants doing business in West Point, Georgia; was dated October 27th, 1887, and recited the present payment of $700 as its consideration. The complainants' debt against Edwards was evidenced by his promissory note for $430.39, also made an exhibit to the bill, which was dated at West Point, Georgia, March 30, 1887, and was alleged to have been given for the price of goods before that time sold by complainants to him. The bill assailed the conveyance to Mrs. Edwards, on the ground that the purchase was made by her husband, the purchase-money paid with his own funds, and the title taken in his wife's name in order to defeat and defraud his creditors. The answers denied the charges of fraud; alleged that the purchase was made by Mrs. Edwards in her own name, and for her own benefit, and the purchase-money paid or settled with her own funds; and stated the facts showing how her money accrued, how it was invested, and how it was paid. On final hearing on pleadings and proof, the chancellor dismissed the bill, holding that the complainants had not made out their case; and his decree is now assigned as error.

N. D. DENSON, for appellants.—(1.) Edwards being largely indebted, if not insolvent, at the time the land was

[Bangs, Bard & Co. v. Edwards.]

conveyed to his wife, a court of equity will treat the transaction as though the deed was made by him directly to his wife.—*Patterson v. Campbell*, 9 Ala. 933; *Elliot v. Horn*, 10 Ala. 384; *Corpew v. Arthur*, 15 Ala. 525; *Huggins v. Perrine*, 30 Ala. 396; *Pickett v. Pipkin*, 64 Ala. 520. (2.) The parties lived in Georgia when the wife's earnings are said to have accrued, and the common law is presumed to have been in force there.—*McAnally v. O'Neal*, 56 Ala. 299, and cases cited in Brick. Digest, vol. 1, 349, § 9. (3.) At common law, the wife's earnings belonged to the husband, and he could not give or relinquish them to her, to the prejudice of his existing creditors.—*Schaffer v. Shapard*, 54 Ala. 244; *Carleton v. Rivers*, 54 Ala. 467; *McAnally v. O'Neal*, 56 Ala. 379; *Evans v. Covington*, 70 Ala. 440; *Gordon v. Tweedy*, 71 Ala. 202. (4.) The complainants were existing creditors, because their debt was created before the deed was executed, and before the money was paid. Although an agreement to buy and sell may have been made before that time, it could not affect the rights of creditors, nor could they be injured until the money was paid. (5.) If the complainants are to be regarded as subsequent creditors only, they assail the transaction as fraudulent in fact—as tainted with actual fraud. The *onus* of proving the consideration is on the defendants, and stricter proof is required because of the relation existing between husband and wife. The evidence adduced, it is submitted, fails to satisfy the rule laid down by the adjudged cases.—*Reade v. Livingston*, 3 John. Ch. 481; *Wadsworth v. Havens*, 3 Wend. 414; *Huggins v. Perrine*, 30 Ala. 396; *Robinson v. Seale*, 75 Ala. 363; *Gordon v. McIlwain*, 82 Ala. 247; *Pollack v. Searcy*, 84 Ala. 259; *Wedgeworth v. Wedgeworth*, 84 Ala. 274; *Burt v. Timmons*, 29 W. Va. 441; *Kaine v. Weigley*, 22 Penn. St. 179; *Rider v. Hulse*, 33 Barb. 264; *Mews v. Mews*, 15 Beav. 529; *McLean v. Longlands*, 5 Vesey, 78; *Evans v. Covington*, 70 Ala. 440; *Carter v. Worthington & Smith*, 82 Ala. 334; Schouler's Dom. Rel., 4th ed., § 161; *Conway v. Brown*, 5 Tenn. 237; 6 Amer. St. Rep. 664.

W. J. SAMFORD, *contra*, cited *Wing v. Roswald*, 74 Ala. 348; *Carter v. Worthington & Smith*, 82 Ala. 337; *Seale v. Robinson*, 75 Ala. 369.

[Bangs, Bard & Co. v. Edwards.]

CLOPTON, J.—The bill, which is filed by appellants as creditors of George W. Edwards, proceeds on the theory, that the land which they seek to subject to the payment of their demand, was purchased by him, and paid for with his individual means; and having thereafter become embarrassed, that he caused it to be conveyed to his wife, for the purpose of defrauding his creditors. The answers deny the allegations of the bill, as to the purchase and the charges of fraud. They aver that the land was purchased by Mrs. Edwards, and that the consideration was paid with her separate funds. The cause was submitted by complainants on the bill, answers, and note of Edwards attached as an exhibit to the bill; and by defendants, on the answers and their own depositions. No other witnesses were examined. The bill alleges that the purchase was made by Edwards in 1886, on a credit, and that the conveyance was executed October 27, 1887.

The conveyance was made by the vendors to Mrs. Edwards, and recites as its consideration the sum of seven hundred dollars, paid by her to the grantors. If the allegations of the bill be true—that Edwards paid for the land, and secured a deed to be made in the name of his wife, after the debt of complainants was contracted—it offends their rights, and as to its validity and consequence does not differ from a conveyance directly from him to his wife. It is also conceded, that as Mrs. Edwards claims ownership by a purchase during coverture, the recital in the conveyance of the payment of a valuable consideration by her, is insufficient to support the deed in a contest between her and the existing creditors of her husband. In such case, the *onus* is on her to clearly and fully prove that she paid for the property with her separate funds. The sufficiency of the evidence by defendants to establish these essential facts, we shall determine by these principles.

The facts on which Mrs. Edwards founds her claim of ownership may be summarized as follows:

1. The land was purchased, October 1, 1886, from Atkinson, Reed & Co., by Mrs. Edwards in her own name, at the price of seven hundred dollars, for which she gave, without her husband joining therein, two notes of three hundred and fifty dollars each, one payable May 1, 1887, and the other a few months thereafter.

2. Prior to the purchase, she let her husband, who was engaged in the mercantile business, have money to the amount of seven hundred dollars, to keep for her, with the

25

[Bangs, Bard & Co. v. Edwards.]

understanding that she could get it whenever she wanted to buy a home, or a tract of land. When the purchase was made, it was understood that her husband would pay her notes for the purchase-money, and that such payment should be in discharge of his liability. He paid the notes with goods from his store, Atkinson, Reed & Co. having agreed to accept goods in payment at cash prices.

3. Mrs. Edwards, with the assent of her husband, commenced in 1877, or 1878, to retain her earnings by her labor and economy, and continued to do so until 1885. The money thus accumulated and retained was deposited in her name with a banker, and with Atkinson, Reed & Co. All the money was subsequently loaned to the latter firm, and at some time thereafter was repaid by them. This was the money she gave her husband to keep for her.

By the common law, which is presumed, in the absence of proof, to prevail in Georgia, where the parties resided, the earnings of the wife during coverture belonged to the husband. He can not give them to her, nor invest them for her benefit, to the prejudice of his existing creditors; but he has capacity and legal right to renounce his marital claim, and assent to her retaining them as her separate property, thus constituting a gift, which will be upheld against his subsequent creditors, unless assailable for intentional fraud. *Pinkston v. McLemore*, 31 Ala. 308; *Carter v. Worthington*, 82 Ala. 334. Positive evidence of such renunciation and assent is not requisite; like any other fact, disputed in the course of judicial proceedings, it may be established by circumstantial evidence, or inferred from the acts and conduct of the parties, when clearly proved, and the inference is manifest. And though the fact that the transaction is between husband and wife, calls for clearer and more convincing proof, and may be accorded controlling influence when accompanied by other suspicious circumstances, it does not, of itself, justify their discredit as witnesses. If the evidence clearly establishes the substantial facts as above stated, and there is no actual fraud, the conveyance to Mrs. Edwards is valid, and should be sustained against the claim of complainants.

It is true, Mrs. Edwards' testimony is somewhat general, not as specific as it might have been; and it may be, if it stood alone, we should regard it as insufficient. But her husband states the specific facts, all which accord with her general statements. There does not seem on the face of

their evidence any effort or desire to color or suppress material facts. Several of them, such as the deposits and loan of the money, and its re-payment, were susceptible of being disproved, and the testimony was accessible. Without being called for, the persons with whom the money was deposited, and to whom loaned, were designated, thus furnishing complainants the opportunity to contradict their evidence; and the disproof of one material statement would have cast suspicion on their entire testimony. No prejudicial presumption should be indulged, because of the omission of defendants to examine these persons, or to introduce cumulative or corroborating evidence, when no impeaching or contradictory proof was taken, or attempted to be taken, and the adverse party had full opportunity to do so.—*Jackson v. State*, 77 Ala. 18. It is said, the fact that Mrs. Edwards testified she knew nothing of the payment of her notes in goods by her husband, in face of the instrument respecting the sale of the land, which she took from Atkinson, Reed & Co., is entitled to weight in considering her evidence. Ordinarily this might be correct; but it appears that, after this answer was made, and her examination closed, the instrument in which Atkinson, Reed & Co. agreed to take payment in goods was voluntarily produced, and attached to the depositions of her husband. Its production, when it could have been easily suppressed, rather manifests a willingness to disclose the whole truth, withholding nothing material. We find nothing in the testimony, or the conduct of the witnesses, or in the circumstances, which should excite a doubt of the truthfulness of their testimony.

The existence of the money is fully shown; and the renunciation of his martial rights, and Edwards' assent to his wife's retention of her earnings, clearly appears from the deposits and loan of the money in her own name, and his reception and keeping the same as her separate property. All this occurred, and the land was purchased, before the debt of complainants was contracted. We lay but little, if any, stress on the fact, that the notes of Mrs. Edwards were paid in goods from the store of her husband. Atkinson, Reed & Co. were also engaged in the mercantile business, and they agreed to receive goods in payment. If the payment in goods satisfied the notes of Mrs. Edwards, and at the same time discharged his liability for the money obtained from her, it was a payment with her separate funds as effectually as if made in money. Under such circumstances, it

[Davis v. Rice.]

is immaterial how he paid the notes. The conclusion is, that the essential and material facts are sufficiently proved. The complainants were not existing creditors, and the record fails to disclose any evidence of intentional fraud.—*Wing v. Roswald*, 74 Ala. 346.

Affirmed.