# Lammons *v.* Allen.

*Bill in Equity for Foreclosure of Mortgage.*

1. *Resulting trust on loan of money.*—A resulting trust does not arise in favor of a person who lends or advances money to husband and wife, to be used, and which is used, in the erection of valuable improvements, prior to the 28th February, 1887, on lands which belonged to the wife's statutory estate

2. *Purchase by husband, for wife; validity as against creditors.*—When the husband buys property, paying for it with his own money, but taking the title in the name of his wife, the transaction is regarded as an advancement or provision for her, and is valid as against subsequent creditors, unless infected with actual fraud; but it is void in law as against his existing creditors, and, when assailed by them, the *onus* is on the wife to show, if such be the fact, that the purchase-money was paid with her separate funds.

3. *Mortgage of wife's property.*—As a general rule, a mortgage of land belonging to the wife's statutory estate, executed by husband and wife jointly, is a nullity; but, when it was given to secure the payment of money loaned to them, to be used, and actually used, in the erection of a dwelling-house on the land, before they had acquired a legal title to it, and it is not affirmatively proved that the purchase-money was paid with the funds belonging to the wife's statutory estate, a court of equity will enforce the mortgage as a valid security against the property.

APPEAL from the Chancery Court of Calhoun.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on the 26th September, 1887, by E. D. Allen, against A. A. Lammons and his wife, Mrs. S. J. Lammons; and sought to foreclose a mortgage on a lot in the town of Oxanna, with the buildings thereon erected, which the defendants had executed to the complainant. The mortgage was dated March 21, 1884, was signed by both of the defendants, and attested by two witnesses; and it was given to secure the payment of a promissory note for $400, of even date with the mortgage, and payable on the 1st June, 1885, to which the names of said Lammons and wife were signed. This note was given for money loaned or advanced by the complainant, to procure the erection of a dwelling-house on the lot, which was paid by the complainant to the builder in person, who had refused to do the work on the credit of said Lammons, but agreed to do it on the complainant's assuming to pay for it. The bill alleged that the money was advanced by the complainant at the

27

[Lammons v. Allen.]

special instance and request of said Lammons and wife, and on their promise to execute a mortgage on the lot as security for it; and J. B. Allen, complainant's agent, through whom the loan was affected, testified that both of the defendants were present at the time; and further, that he never heard Mrs. Lammons assert or claim any title to the property until after the law-day of the mortgage had passed.

A decree *pro confesso* was entered against A. A. Lammons; but an answer was filed by Mrs. Lammons, in which she insisted that the property belonged to her statutory estate, and that the mortgage was void as to her; and this defense was set up by demurrer, plea, and answer. The facts shown by the record, as to the title to the property, are stated in the opinion of the court. The chancellor overruled the demurrer and the pleas, and, on final hearing on pleadings and proof, rendered a decree for the complainant, holding that he was entitled to enforce a resulting trust on the land, for the amount of his debt, with interest and costs. The chancellor's decree is now assigned as error by Mrs. Lammons.

BROTHERS, WILLETT & WILLETT, and J. F. CREEN, for appellant.—The fact of a loan contradicts and rebuts the implication of a resulting trust.—*Riley v. Pierce*, 50 Ala. 93; *Whaley v. Whaley*, 71 Ala. 159; *Chapman v. Abraham*, 61 Ala. 108; 1 Perry on Trusts, § 133; 26 Md. 415; *Gibson v. Foote*, 40 Miss. 788; *Turney v. Morrow*, 26 Ala. 339; *Smith v. Garth*, 32 Ala. 368; *Hatton v. Landman*, 28 Ala. 127; *Wilkinson v. Cheatham*, 45 Ala. 337. A mortgage of the wife's separate statutory estate, even when given to secure a debt for articles of comfort and support of the family, is absolutely void.—*Gilbert v. Dupree*, 63 Ala. 331; *Coleman v. Smith*, 55 Ala. 378; *O'Connor v. Chamberlain*, 59 Ala. 431; *Lobman v. Kennedy*, 51 Ala. 163; *Ridley v. Hereford*, 66 Ala. 261; *McCravey v. Todd*, 66 Ala. 315. But improvements, erected on the wife's property, are not necessaries. *Lobman v. Kennedy*, 51 Ala. 163; *McCravey v. Todd*, 66 Ala. 315. Even if the complainant's demand could be classed as necessaries, he could not enforce it by bill in equity.—*Janney v. Buell*, 55 Ala. 408; *O'Connor v. Chamberlain*, 59 Ala. 431; *Cauley v. Blue*, 62 Ala. 77.

E. H. HANNA, *contra*.—If the property is to be regarded as belonging to the statutory estate of Mrs. Lammons, yet

the mortgage, being given to secure the repayment of the purchase-money for the house (for that is the legal effect of the transactions), is valid and binding on the property. *Marks v. Cowles*, 53 Ala. 499; *Johnson v. Ward*, 82 Ala. 486; *Kieser v. Baldwin*, 62 Ala. 526; *Sterrett v. Coleman*, 57 Ala. 172. But there is no evidence showing that Mrs. Lammons paid the purchase-money, nor even that she had a statutory estate; and the presumption is, that the husband paid it with his own funds, in prejudice of his creditors. *Booker v. Waller*, 81 Ala. 549.

CLOPTON, J.—It appears from the writings, which are made exhibits to the bill and answers, that Mrs. Lammons puchased the land in controversy, December 17, 1883, from the Southern Development Land and Immigration Company, at the price of one hundred and fifty dollars, one-third of which was paid in cash, and for the other two-thirds she gave two notes of fifty dollars each, payable, respectively, on the 17th day of June and December, 1884. The company gave her a bond, conditioned to make titles on the payment of the notes, and on their payment executed a conveyance in her name, December 8, 1884. On March 21, 1884, Mrs. Lammons and A. A. Lammons, her husband, executed to appellee the mortgage which he seeks by the bill to foreclose, to secure a note for four hundred dollars, made by both of them, and payable June 1, 1885. In defense of the bill, Mrs. Lammons sets up, that the land is her statutory separate estate, which she is incapable of mortgaging. The transactions occurred before the passage of the act of February 28, 1887, defining the rights and liabilities of husband and wife, and are therefore governed by the principles of the common law, and the statutes regulating the separate estates of married women, then in force.

It may be conceded that the chancellor erred in decreeing a trust resulted to complainant, and on this basing his right to a foreclosure of the mortgage.—*Bolman v. Lobman*, 74 Ala. 507; *Chapman v. Abraham*, 61 Ala. 108. If admitted to be erroneous, it would not necessarily avail a reversal; for, independent of this, there are considerations and equitable principles, on which the correctness of the final decree may well be founded.

It is true, a married woman may purchase land during coverture, with the assent of her husband, or, if without his assent, subject to his disaffirmance seasonably expressed;

and that a purchase so made, and a conveyance in her name, create in her a separate estate, though the purchase-money may be paid with the means of her husband. When the husband pays for land, during coverture, and the conveyance is taken in the name of the wife, it will be regarded that an advancement or provision for her was intended.—*Harden v. Darwin*, 65 Ala. 55. The property so paid for is subject, in all events, to the existing debts of the husband; and if made with a fraudulent intent, the conveyance is void as to his subsequent creditors. In order, therefore, that the property be protected against existing demands, it must be shown that the purchase-money was paid with funds not furnished by him. Complainant's debt was contracted before the notes for the purchase-money were paid, and before the deed was executed to Mrs. Lammons. There is no evidence whatever tending to show that she ever had a separate estate of any kind, or that the purchase-money of the land was not paid with means of the husband. In the absence of such proof, the presumption is, that the means of payment were provided by him.—*Booker v. Waller*, 81 Ala. 549. The general rule, that a mortgage of a married woman's statutory separate estate is a nullity, which prevailed under the statute in force at the time the mortgage in controversy was made, is not applicable in all cases, nor under all circumstances. There are exceptional cases, in which the validity of the mortgage will be upheld in equity. The validity of the mortgage, in such cases, does not rest on her capacity, but on the equitable rights of the mortgagee, apart from the mortgage, in respect to the particular property, their superiority to the equity or title of the married woman, and their relation to, or connection with the particular debt, to secure which the mortgage was executed. On this principle, a mortgage of lands purchased by a married woman, made to the vendor, is in equity a valid security for the purchase-money. Complainant, being an existing creditor, and the presumption being that the land was paid for with means furnished by the husband, it was subject to the payment of his debt; and as Mrs. Lammons, by joining in the mortgage, only appropriated it to the same purpose to which equity would have compelled its appropriation, the mortgage will be upheld and enforced in equity, as a valid security.

Affirmed.