# Schloss & Kahn et al. v. McGuire et al.

*Bill in Equity to set aside Conveyance as Fraudulent.*

1. *Fraudulent conveyance; transactions between husband and wife.*— Where a bill is filed by creditors to set aside a deed of conveyance, executed by an insolvent debtor to his wife, the transaction between husband and wife must be closely scrutinized, and the evidence considered and weighed in the light of such relationship.

2. *Same.*—Where, on a bill filed by creditors to set aside as fraudulent a conveyance of property from their insolvent debtor to his wife, it is shown that the wife had separate property, and before the debts to the complaining creditors were contracted by her husband, he borrowed money from her, and that subsequent to the contraction of debts to other creditors he executed a deed, conveying to his wife certain property in payment of his indebtedness to her, which property was received at a fair and reasonable valuation, and without reserving any benefit to himself, such a deed is a valid conveyance and will not be set aside as fraudulent.

APPEAL from the Chancery Court of Russell.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this cause was filed by the appellants against the appellees ; and sought to set aside as fraudulent and void a deed executed by M. M. McGuire to his wife, H. J. McGuire, conveying certain lands. The facts in the case, as disclosed by the transcript, are sufficiently stated in the opinion.

· On the final submission of the cause, on the pleadings and proof, the chancellor decreed that the complainants were not entitled to the relief prayed for, and ordered the bill dismissed. The complainants now bring this appeal, and assign the decree of the chancellor as error.

NORMAN & SON, for appellant.—When a conveyance by an insolvent debtor is made to his wife for an indebtedness to her for money loaned him, the same being a

part of the wife's statutory estate, the proof of the *bona fides* of the debt must be clear and satisfactory—clearer and more convincing than if such relationship did not exist.—*Wedgworth v. Wedgworth*, 84 Ala. 274; *Owens v. Hobbie*, 82 Ala. 466; *Robinson v. Moseley*, 93 Ala. 70; *Smith v. Collins*, 94 Ala. 394.

L. W. MARTIN, *contra*.

COLEMAN, J.—This is a creditor's bill, filed by appellants as creditors of M. M. McGuire, the object of which was to set aside and annul a deed of conveyance of certain lands made to his wife, and to condemn the same to the satisfaction of their claims. The bill charges that the consideration was purely voluntary, and made to defraud creditors. The proof shows that the debts due complainants were contracted during the years 1890 and 1891, and were admitted to be just. The conveyance was executed on the 1st day of December, 1891, subsequent to the contraction of the debts. The recited consideration of the deed is two thousand dollars, and it is not controverted that two thousand dollars is a full and adequate consideration. The real contest is as to whether M. M. McGuire owed his wife, H. J. McGuire, the debt, in payment of which it is contended that this conveyance was executed. The transaction being between husband and wife it should be closely scrutinized, and the evidence considered and weighed in the light of this relationship.—*Smith v. Collins*, 94 Ala. 394; *Owens v. Hobbie & Teague*, 82 Ala. 466.

A good deal of the testimony introduced by the respondents is neither clear nor satisfactory, but there are a few prominent facts upon which our conclusion is based. We think it clearly proven, in fact not questioned, that H. J. McGuire, the grantee, had a bank account with The Eagle & Phoenix Manufacturing Co., at Columbus, Ga., beginning as early as 1882, and that she had on deposit to her credit, as shown by the pass book, in April, 1884, $2,171.71, and on January 3d, 1888, $2,167.48. Whether the sources from which this money was derived, have been truly stated or not, can not vary the result. At that time her husband's financial condition was good, and so far as this record shows there were no debts outstanding against him. The

debts of complainants, as we have stated, were contracted in the years 1890–91. That the husband used this money deposited to the credit of his wife in the payment of his debts is clearly proven. What is the evidence to show that he has ever repaid it to her? None except that found in the bank book itself, and the evidence of the respondents. The bank book shows deposits to the credit of H. J. McGuire at different intervals until January 20th, 1891, and it shows that these deposits were checked out by him, in payment of his debts to other persons than H. J. McGuire. There is no evidence of payment to her otherwise. They both swear that H. J. McGuire authorized M. M. McGuire to use this money as a loan to him to pay his creditors, and which he was to repay. Both swear that the loan has never been paid except by the conveyance of the land. There is other evidence in the case which is not controverted that H. J. McGuire had, at one time in the year 1872, as much as $2,500 in cash, which she testified was loaned to her husband.

That a debtor may prefer one creditor to another in the payment of his debts, by an absolute sale of property for an adequate consideration, reserving no interest to himself, has been often decided.—*Pollock v. Meyer*, 96 Ala. 172; *Wing v. Roswald*, 74 Ala. 346.

There is no merit in any other question assigned as error.

Affirmed.