# Kelley v. Connell, Green & Co.

*Bill in Equity to set aside Conveyance as Fraudulent against Existing Creditors.*

1. *Conveyance to wife; void as against husband's creditors; burden of proof as to consideration.*—A conveyance executed to the wife by a third person, at the instance of the husband who paid the purchase money, is void as against the latter's existing creditors, and when assailed by them, the burden is upon the wife of proving that the consideration did not move from the husband, but was paid with her separate funds.

2. *Same; right of debtor to claim exemption, notwithstanding fraudulent conveyance.*—Notwithstanding the fact that the consideration for land conveyed to the wife by a stranger while her husband was in debt, was furnished by the husband, and such conveyance was, therefore, void as to existing creditors, the land conveyed therein is exempt as against such creditors of the husband, who, by his answer to their bill seeking to subject the land to the payment of their debts, interposed a claim of homestead, it being shown that such property was within the limit as to the value and the acreage allowed under the constitution.

APPEAL from the Chancery Court of Calhoun.
Heard before the Hon. S. K. McSPADDEN.

The facts as to the filing of the bill, and the purposes for which it was filed, are sufficiently stated in the opinion.

W. E. Kelley, in his answer to the bill, alleged that the lands sought to be subjected to the claim of the

[Kelley v. Connell, Green & Co.]

complainants was his homestead, and he was residing
on it with his family, and that even if it were true that
he had paid his own money for the lands, which fact is
not denied, the complainants could not complain, be-
cause the lands were less in extent that 160 acres, and
less in value than $2,000; that the complainants' debt
accrued since April 22, 1873, and that he, the defendant,
claimed the lands as exempt to him as his homestead.
It was admitted in writing that the lands claimed as a
homestead by the respondent, W. E. Kelley, were less
in area than 160 acres, and in value less than $2,000,
and were, at the time of the filing of the bill, occupied by
W. E. Kelley and his wife as their homested. The other
facts of the case are sufficiently stated in the opinion.

Upon the submission of the cause, the chancellor ren-
dered a decree granting the relief prayed for by the com-
plainants, dismissing the respondent's claim of exemp-
tion, and declaring that the lands were subject to the
complainants' demands, and ordering a sale thereof.
From this decree the respondents prosecute the present
appeal, and assign the same as error.

CALDWELL, JOHNSON & ACKER, for appellants.—When
the husband buys lands, taking the title in the name of
his wife, but pays the purchase-money with his own
funds, the conveyance is fraudulent and void as against
his existing creditors, and when such conveyance is as-
sailed, the *onus* is upon the wife to show that she paid
the consideration out of her own funds.—*Peevey v. Cab-
aniss*, 70 Ala. 253; *Bangs v. Edwards*, 88 Ala. 382.

The failure of the complainant to offer any testimony
showing that the consideration for the deed from Wood-
ruff to Mrs. E. E. Kelley moved from W. E. Kelley and
the money paid therefor, was the property of W. E. Kel-
ley, must work a reversal of this case. In *First Nat.
Bank v. Kennedy*, 91 Ala. 470, it is said: "When a cred-
itor seeks to reach and subject lands conveyed by and be-
tween other members of the debtor's family, on the
ground that the purchase money was furnished by him,
the *onus* of proving that fact is on the creditor."

The exemption as claimed by Kelley should have been
allowed him.—3 Brick. Dig., 494, § 73; *Ib*. 492, § 40;
*Ib*. 785, §§ 47, 48; *Fellows v. Lewis*, 65 Ala. 343; *Long v.
Efurd*, 86 Ala. 269.

S. D. G. Brothers, *contra.*—A conveyance executed to the wife by a third person, at the instance of the husband, who also paid the purchase money, equally with a conveyance from the husband to the wife directly, offends the rights of creditors; and in a contest with his existing creditors, the *onus* is on the wife to prove that the purchase money was paid with her separate funds.—*Bangs v. Edwards,* 88 Ala. 382; *Peevey v. Cabaniss,* 70 Ala. 253.

As no proof was offered to sustain the conveyance, the chancellor did not err in the decree rendered.—*Zelnicker v. Brigham,* 74 Ala. 598.

Kelley could not claim a homestead in the lands which had been fraudulently conveyed to the wife.—*First Nat. Bank v. Kennedy,* 91 Ala. 472.

McCLELLAN, J.—This bill is filed by Connell, Green & Co. against W. E. Kelley and E. E. Kelley, wife of W. E. The complainants are creditors of W. E. Kelley, and were at the time of the conveyance by a third person of certain land to E. E. Kelley. The bill avers that W. E. Kelley purchased said land, paid for it with his own money, and had the same conveyed to his wife, and that said W. E. was at the time of that transaction insolvent, has since so been and is now. The purpose and prayer of the bill are to set aside said conveyance to Mrs. Kelley as a fraud upon the complainants as then existing creditors of W. E. Kelley, and to subject said land to the payment of complainants' debt. The respondents jointly and severally deny directly and circumstantially the averment of the bill that W. E. Kelley paid for the land and had it conveyed to his wife, and allege to the contrary that said E. E. Kelley with her own means paid all that has been paid for said land, and that she still owes a balance of purchase money which is secured by a mortgage upon the same. On the bill and answer, therefore, the issue was squarely presented whether W. E. Kelley paid for said land. Upon this issue the burden of proof that the grantee purchased the land and paid for it with her own funds, or at least with money not belonging to her husband, was upon her, for while in ordinary cases—in all cases except where the relation of husband and wife exists between the debtor and the grantee—it is upon the complainant to prove as matter

35

[Kelley v. Connell, Green & Co.]

of fact that the consideration moved from the debtor (*First National Bank of Tuskaloosa v. Kennedy*, 91 Ala. 470, 472), a distinction is taken where that relation does exist, and it is well established that in such case the presumption is that the consideration moved from the husband, and to overcome this presumption the wife —grantee in the conveyance from the third person— must affirmatively show . that the consideration moved from her, that she paid the purchase money with her own funds, and not with the funds of her husband directly or indirectly. Thus, it is said by the Supreme Court of the United States : "Such is the community of interest between husband and wife, such purchases are so often made a cover for a debtor's property—are so frequently resorted to for the purpose of withdrawing his property from the reach of his creditors and preserving it for his own use—and they hold forth such ˙ temptations for fraud, that they require close scrutiny. In a contest between creditors and the wife, there is and there should be a presumption against her which she must overcome by proof."—*Seitz v. Mitchell*, 94 U. S. 580. And this court has fully committed itself to this view.— *Booker and Knight v. Waller*, 81 Ala. 549; *Bangs, Bard & Co. v. Edwards*, 88 Ala. 382; *Lammons v. Allen*, 88 Ala. 417.

The burden thus resting on the grantee, Mrs. E. E. Kelley, in the case at bar was not discharged. She offered no evidence in rebuttal of the presumption that the· land conveyed to her by the third person was paid for with the money of her husband, who is debtor to the complainants. On this state of the case, as submitted to the chancellor, the complainants would have been entitled to the relief prayed, but for the claim of homestead interposed by Kelley. This claim was properly and seasonably interposed, and, if proved, entitled him to the land as against his creditors. The chancellor erred in disallowing the same on motion and striking it out. For this error the decree must be reversed.—*Kennedy v. First Nat. Bank*, 107 Ala. 170.

Judgment of affirmance heretofore entered is set aside, rehearing granted, decree reversed and cause remanded.

Reversed and remanded.