(80 South. 402)

BROCK v. PRICE et al.   (8 Div. 126.)

(Supreme Court of Alabama.   Nov. 14, 1918.
Rehearing Denied Dec. 21, 1918.)

FRAUDULENT CONVEYANCES ☞300(3) — SUIT
AGAINST HUSBAND AND WIFE—CONSIDERA-
TION AS MOVING FROM WIFE—EVIDENCE.

In landlord's suit against tenant and wife
to impose lien for debt for house rent on real
estate conveyed to tenant's wife by third per-
sons, evidence that consideration or money paid
for real estate moved from wife, not from ten-
ant, held to sustain decree for her.

Appeal from Circuit Court, Morgan Coun-
ty ; Robert C. Brickell, Judge.

Suit by John L. Brock against E. H. Price
and others.   From judgment for respondents,
complainant appeals.   Affirmed.

E. W. Godbey, of Decatur, for appellant.
Eyster & Eyster, of Albany, for appellees.

McCLELLAN, J.   This bill was filed by the
complainant (appellant), as a creditor of E.
H. Price, against the respondents (appellees),
seeking the ascertainment and imposition of
a lien for a debt for house rent, in the amount
of $225, with interest, on certain real estate
in Decatur which had been conveyed to Mrs.
Price, the wife of the complainant's debtor,
by J. W. Wortham and wife.   The complain-
ant asserts that his debtor, E. H. Price,
fraudulently diverted funds from the course
of Price's obligation to pay complainant to
either a contribution towards the payment of
the cash installment ($1,000) for the property,
or to payments on a $2,000 mortgage on the
property in favor of a building and loan as-
sociation.   If so, the complainant was erro-
neously denied the relief sought in the bill;
but, on the other hand, if the debtor did not
contribute of his earnings or other funds to
the purchase of the property, conveyed to
the wife, or to its exoneration from any part
of the charge of the mortgage, then, of
course, the complainant was not entitled to
relief, as the court below held.

The review here is of the conclusion of
fact indicated; and so, on the assumption
(for the occasion only) that complainant was,
at the time of the purchase and conveyance
of the property to Mrs. Price, and continu-
ously, subsequently, a creditor of E. H. Price,
and also that Mrs. Price had the burden "to
affirmatively show that the consideration,"
or the money paid on the mortgage, "moved
from her, that she paid the purchase money,"
and the installments on the mortgage, "with
her own funds, and not with the funds of her
husband, directly or indirectly."   Kelley v.
Connell, 110 Ala. 543, 18 South. 9.

The evidence bearing on this issue of fact
has been carefully considered.   Our opinion
is that the stated burden was fully discharg-
ed by Mrs. Price.   The argument to the con-
trary is that the testimony of Mrs. Price, E.
H. Price, and Mrs. Farrar, the mother of
Mrs. Price, is so vague and evasive in ma-
terial respects as to cast upon it a wholly
discrediting cloud of suspicion and distrust.
The argument is ill founded.   The sources
of Mrs. Price's income and the source from
which she received some of the money ap-
plied to the mortgage debt, viz., her mother,
who resided with her, are disclosed with all
reasonable completeness and regard to detail.
Several years had elapsed since the matters
brought under inquiry had taken place.   She
took boarders and rented rooms, giving many
of their names and the rates they paid.
That, though a woman not robust or always
well, she strove, in every way, while a resi-
dent of Decatur, to earn something toward
the support of the family, and toward the
discharge of the mortgage debt, is proven be-
yond any material doubt; and that she
made, when all things are weighed, a con-
siderable sum, is established.   That her moth-
er, who resided with her, should have
given her money, at different times and in
moderate sums not now to be accurately re-
called, is likewise consistent with the natur-
al, the probable, and the reasonable.   The
source of the mother's income was definite-
ly, indisputably shown, with specific refer-
ence to the place, the manager of the moth-
er's affairs thereat, and the banks with
which the mother there dealt.   If the testi-
mony of the mother and daughter was sus-
pected, the means and the place to verify it
were plainly pointed out by them.   The fact
that E. H. Price gave the checks of the drug
company, with which he was connected, to
the mortgagee, was satisfactorily explained,
in this way: That the wife gave him the mon-
ey or its equivalent that he might pay the
respectively maturing installments on the
mortgage through the checks of the drug
company, he (the husband) charging himself
with the amounts of the respective checks on
his book account with the drug company, by
which he was paid a salary of $100 per
month.   This explanatory testimony is not
impeached or reflected upon, except by the
argument that it is gravely suspicious and
should be distrusted.   We are not so con-
vinced.   A fair conclusion from the evidence
otherwise bearing on the issue of fact stated
satisfies this court that the explanation of-
fered is true.

In our opinion the court below gave effect
in its decree to the only conclusion sustain-
able under the evidence.

Affirmed.

MAYFIELD, SAYRE, and GARDNER, JJ.,
concur.

─────────────────────────────────────────
☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes