(82 South. 16)
### DECATUR DRUG CO. v. PRICE et al.
(8 Div. 168.)

(Supreme Court of Alabama.   April 17, 1919.
Rehearing Denied May 22, 1919.)

FRAUDULENT CONVEYANCES ⬤⟿300(3) — SUIT
AGAINST HUSBAND AND WIFE—CONSIDERA-
TION MOVING FROM WIFE—EVIDENCE.

In suit against husband and wife to impose
a lien for certain trust funds sought to be re-
covered on real estate conveyed to the wife by
third persons, because acquired or paid for by
the husband with funds of a partnership or
corporation in which he was connected, evi-
dence that consideration for money paid for
such real estate moved from the wife, not the
husband, *held* to sustain decree for her.

Appeal from Circuit Court, Morgan Coun-
ty; Robert C. Brickell, Judge.

Action by the Decatur Drug Company
against E. H. Price and another. From a
judgment for defendants, plaintiff appeals.
Affirmed.

E. W. Godbey, of Decatur, for appellant.
Eyster & Eyster, of Albany, for appellees.

MAYFIELD, J.  The facts of this case are
very similar to the facts in the case of Brock
v. Price et al., 80 South. 402,[1] recently decided
by this court.  That was a suit by Brock
against these same appellees, and involved
the same transactions and dealings of these
appellees, as to the same business in which
the appellees were engaged, and in fact much
of the evidence in the two cases is identical,
the same depositions or copies thereof being
used in both cases.  Each case seeks to fasten
a lien on the property of the wife, because
acquired or paid for by the husband with
funds and moneys of a partnership or cor-
poration in which he was connected.  In oth-
er words, each case seeks to follow trust
funds into the property of the wife, and have
a lien declared and enforced upon her prop-
erty.  The defense in each case was that the
property was not so acquired or paid for with
trust funds, but with funds of the wife.  So
the two cases are very similar, and much of
the proof identical—both that of complainant
and respondent.

We find no proof in the record which will
justify a change of findings as to what or
whose funds purchased or paid for the prop-
erty of the wife.  A further examination of
both records confirms us in the conclusion
that the trial court decided both cases cor-
rectly, and that the complainant in his proof
to establish the case made by his bill, and
that the proof of respondents, show the prop-
erty was acquired with funds of the wife, and
not those of the partnership or corporation
of which E. H. Price was a manager or
officer.

It would serve no good purpose to further

discuss the law or facts as to this case.  It
can well be decided on the decision of Brock
v. E. H. Price et al., 80 South. 402.[1]  That
case was thoroughly considered, both on the
original and rehearing, and has been again
re-examined to compare it with this, and we
are satisfied that both cases have been decid-
ed correctly on the evidence as shown by
these records.

Affirmed.

ANDERSON, C. J., and SOMERVILLE
and THOMAS, JJ., concur.